UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br>　　　　Plaintiff,<br>　　v.<br>SAKAUYE CANTIL, et al.,<br>　　　　Defendants. | Case No. 17-05398 EJD (PR)<br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Chief Justice Cantil-Sakauye of the Supreme Court of California, the California Supreme Court Clerk Robert R. Toy, and Judge Frank Roesch of the Alameda County Superior Court. Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims on January 4, 2016, Judge Frank Roesch of the Alameda County Superior Court placed him on the "Vexatious Litigant List." (Compl. at 3.) Plaintiff claims that he has filed at least 3 applications to be removed from the "List," but the court refuses to hear the application. (Id.) Petitioner claims that on August 10, 2017, he attempted to file a petition for writ of mandamus in the California Supreme Court which was denied because Plaintiff was on the "List." (Id.) Plaintiff claims that Defendant Robert R. Toy, a deputy clerk at the Supreme Court of California, denied him access to the courts by refusing to file Plaintiff's petition for writ of mandamus in the state high court even though the petition is not a civil lawsuit and therefore outside the parameters of the vexatious litigant statute. (Id. at 3-4.) Plaintiff claims Justice Cantil-Sakauye of the Supreme Court of California returned the petition without citation, resulting in a due process violation. Plaintiff seeks prospective injunctive and declaratory relief "to be removed from the vexatious litigant list." (Id. at 3.)

Although judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity, see Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983), the doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions against state judges. See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Ashelman v. Pope, 793 F.2d 1072,

1075 (9th Cir. 1986) (en banc). However section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This bar is limited to injunctive relief for acts taken in a judicial capacity, and not for acts taken in any other capacity. See Wolfe v. Strankman, 392 F.3d 358, 366-67 (9th Cir. 2004) (dismissal not warranted under § 1983's bar on injunctive relief against judicial officers where plaintiff sued California Chief Justice in his administrative capacity as Chair of the Judicial Council of California). Here, however, it is unclear whether judicial immunity bars this action for injunctive relief where the decision being challenged may not have been purely adjudicative. Id. at 365-66 (role of a judge under California's Vexatious Litigant Statute cannot be characterized simply because, among other things, the statute grants a judge the power to impose, on his or her own motion, a prefiling order prohibiting a vexatious litigant from filing new litigation without the court's permission, and such an action may not be purely that of a neutral adjudicator). Accordingly, liberally construed, it appears that Plaintiff states a cognizable claim for the denial of his right to petition the government for redress of grievances and due process against Defendants.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Judge Frank Roesch** at the **Alameda County Superior Court**, and **Deputy Clerk Robert R. Toy** and **Justice Cantil-Sakauye** at the **Supreme Court of California**. The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil

3

Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u>**

4

**Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be

extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 2/7/2018

EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.17\05398Ray_svc

6